UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DIANE SMITH,

                Plaintiff,              06-CV-6652T

    v.                               **DECISION**
                                                    **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                Defendant.
_____

## INTRODUCTION

Plaintiff Diane Smith ("Smith") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C § 401 et. seq.) claiming that the Commissioner improperly denied her application for disability benefits. Specifically, Smith alleges that the decision of the Administrative Law Judge ("ALJ") was erroneous and not supported by the substantial evidence contained in the record or the applicable law.[1]

The Commissioner, conceding the ALJ's decision is legally deficient in developing the evidence and applying the law, moves for an order reversing the ALJ's decision and remanding the matter for rehearing. Plaintiff opposes defendant's motion contending that the existing record contains sufficient proof of

---

[1] This case (formerly civil case 03-CV-0601 (A) ) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

the plaintiff's disability, and that a remand would result in unnecessary delay.

## BACKGROUND

On July 16, 1998,[2] plaintiff Diane Smith, then aged 36 years old, applied for disability insurance and Social Security Income benefits alleging disability since January 9, 1997 due to hypertension, carpal tunnel syndrome, stress, bunions, pilonidal sinus, and spinal impairments. Smith's applications were denied initially on September 11, 1998 and again on reconsideration on December 15, 1998. Thereafter, Smith requested an administrative hearing before an ALJ which took place on June 1, 1998.

In a decision dated September 2, 1999, ALJ F. Lambert Haley found that the plaintiff was not under a disability. Plaintiff's appeal of the decision resulted in the June 22, 2001 Appeals Court Order which vacated the ALJ's decision due to legal error and remanded the case for further administrative proceedings. Consequently, the record was updated with additional medical evidence and the plaintiff testified at a new hearing on October 11, 2001, again before ALJ F. Lambert Haley. The plaintiff was represented at the hearing. Considering the case de novo, the ALJ on November 29, 2001, again found that although Smith had

---

[2] There is discrepancy as to the exact filing date. Forms signed by plaintiff indicate July 16th, 1998. (Transcript of Administrative Proceedings at p. 506) (hereinafter "T."). However, Social Security documents record filing date as July 9th, 1998. (T. at p. 508).

severe impairments, she was not disabled.  Smith's request for a review was denied by the Social Security Appeals Council on August 14, 2003 and on October 6, 2003 plaintiff filed this action.

DISCUSSION

I. <u>Jurisdiction and Scope of Review</u>

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence.  <u>See</u>, <u>Mongeur v. Heckler</u>, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Shweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner claims that the ALJ decision that Smith is not disabled is legally deficient due to insubstantial development of the evidence and because he did not apply proper legal standards. Consequently, the Commissioner moves for an order reversing the decision and remanding the case for further administrative action pursuant to sentence four of 42 U.S.C 405(g), which provides "[t]he court shall have the power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." A remand to the Commissioner for further development of the evidence under 42 U.S.C 405(g) is appropriate when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1980)). However, "where the existing Record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose, a remand for calculation of benefits is appropriate." White v. Comm'r of

Soc. Sec., *302 F. Supp. 2d 170, 174* (W.D.N.Y. 2004) (*citing* Martinez v. Commissioner, 262 F. Supp.2d 40, 49 (W.D.N.Y. 2003)).

Because the court determines that there are legal errors in the ALJ's decision and that further development of the evidence is appropriate, the Commissioner's motion for reversal of the ALJ decision and remand for further administrative proceedings is granted.

II. <u>There are gaps in the administrative record requiring further administrative proceedings.</u>

The ALJ made the determination based on the evidence before him that although Smith had severe impairments, she did not suffer from a disability under the Social Security Act. The ALJ concluded that the plaintiff retained the residual functional capacity to engage in a full range of sedentary work.

For the reasons set forth below, I find that the ALJ erred by not attempting to obtain missing medical records, by not evaluating medical opinions of the state agency consultants, and by inadequately analyzing Dr. Sheriff's reports on Smith's limitations on prolonged sitting and repetitive motion with her wrists. I further find the extent of gaps in the Administrative record sufficient to remand this case to the Commissioner for further development and analysis of the evidence. Specifically, the ALJ erred in not attempting to obtain Dr. Pardi's records as

required by law. Title 20 CFR 404.1512(d) provides that the "[ALJ] will make every reasonable effort to help [the claimant] get medical reports from [her] medical sources." The ALJ mentions his inability to evaluate Dr. Pardi's records since they were missing from the transcript. However, the ALJ does not state that he made any attempt to obtain them, nor is there any record of a letter requesting the records from Dr. Pardi in the transcript.

I further find that the ALJ did not evaluate all the evidence before him. "Regardless of its source, [the ALJ] will evaluate every medical opinion [that the ALJ] receive[s]." 20 CFR 404.1527(d). The medical opinions provided by the state agency consultants were not addressed in the ALJ's decision. Further, the ALJ did not address Smith's right wrist impairment described by both plaintiff's treating physician, Dr. Sheriff, and the state agency consultant, Dr. Micale. (T. at p. 369, 371, 397). Additionally, the ALJ's residual functional capacity finding does not reveal an adequate evaluation of the evidence in that the ALJ did not fully explain the basis for his finding. (T. at p. 24).

Moreover, I find the ALJ's analysis regarding Smith's capability to perform sedentary work to be contradictory. Dr. Sheriff found that Smith should not engage in prolonged sitting

or repetitive motion with her wrist. However, even though the ALJ stated that he gave Dr. Sheriff's opinion controlling weight, the ALJ found Smith capable of performing the full range of sedentary work which requires sitting and repetitive motion with wrists for prolonged periods. Without explanation of this incongruity, the ALJ's analysis is inadequate.

Finally, the plaintiff's claim that there is persuasive proof of disability is not supported by the record. Dr. Elibol, the consultative examiner, on August 27, 1998, described plaintiff as "mentally sharp", "very athletic", "well-coordinated", and not appearing to have any limitation of walking one-half mile or climbing two flights of stairs. (Tr. at p. 327, 328). The state agency medical consultants on December 15, 1998 determined that the plaintiff had the residual functional capacity to lift and/or carry fifty pounds occasionally--and twenty-five pounds frequently--to stand and/or walk about six hours in an eight-hour day, and to sit for about six hours in an eight hour day. (Tr. at p. 395). Smith's treating physician, Dr. Sheriff, when reporting that Smith should not engage in prolonged sitting or wrist motion, also released Smith to return to work "as soon as possible." (Tr. at p. 371). The Second Circuit has held that "[i]t is for the [Social Security Administration], and not this court, to weigh the conflicting

evidence in the record." Schaal v. Apfel, 134 F.3d 496, 504 (2nd Cir. 1998).

The extent of the ALJ's errors and the lack of persuasive proof of disability requires a remand of this case to the Commissioner for further evaluation. The ALJ's errors in the present case are similar to those found in Pratts v. Chater where the Second Circuit held that significant portions of medical testimony that were lost and incomplete analysis of the medical record warranted a remand to the Commissioner for further findings. Pratts v. Chater, 94 F.3d 34, 37 (2nd Cir 1996). Similarly, in Schaal, the ALJ failed to obtain missing medical records and did not evaluate all of the medical opinions in the transcript. Schaal, 134 F.3d at 499. In both Pratts and Schaal, the matter was remanded to the Social Security Administration for development and reassessment of the record. Pratts, 94 F.3d at 40; Schaal, 134 F.3d at 506. Similarly, in this case, it is necessary to remand for further development of the evidence and reevaluation of the record by the Commissioner.

Based on the errors made in the ALJ and the magnitude of evidentiary and analytical gaps in the record, I grant defendant's motion to reverse the ALJ's decision and remand this case to the Commissioner for further development of the evidence and correction of the legal errors described. In light of the

delay in resolving this matter, I order that the Commissioner carry out the necessary further administrative proceedings on an expedited basis.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for remand and Order that the Commissioner's determination denying benefits is Vacated, and that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Order on an expedited basis.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED: Rochester, New York
       March 16, 2007